IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| REGINA KUHN,<br><br>    Plaintiff,<br><br>vs.<br><br>COMFORT HOSPICE CARE, LLC, a Utah limited liability company and CAROL H. CABLE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:11-CV-937 TS |

This matter is before the Court on Defendants' Motion for Summary Judgment. Plaintiff has failed to respond to the Motion. For the reasons discussed below, the Court will grant Defendants' Motion.

I.  STATEMENT OF FACTS

Plaintiff brings this action against Defendants alleging violations of the Family and Medical Leave Act ("FMLA"). Defendant Comfort Hospice Care, LLC ("Comfort") is a company that provides palliative medical care to individuals who are suffering from terminal diseases. Defendant Carol Cable ("Cable") is the chief executive of Comfort.

Comfort has employees in Las Vegas, Nevada and Layton, Utah.  Comfort has fewer than 50 employees in either location and in total.  At the time Plaintiff was laid off, Comfort had a total of 36 employees.  Comfort has never had as many as 50 employees in any workweek throughout 2010 and thus far in 2011.

Comfort has contracted with a professional employer organization, Innovative Staffing, Inc. ("ISI") to provide human resources assistance.  For compensation purposes, Comfort employees are listed as employees of ISI.  ISI performs only administrative human resources functions for Comfort and has no supervisory or other practical control over Comfort employees.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[1]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.  If it has not,

---

[1] *See* Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[4]

### III.  DISCUSSION

Defendants seek summary judgment, arguing that Comfort is not an employer for purposes of FMLA.  FMLA defines an employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."[5] The definition of eligible employee excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."[6]

As set forth above, at the time of Plaintiff's termination, Comfort employed only 36 employees and has not employed 50 or more employees during the relevant time period. Therefore, Comfort is not considered an employer under FMLA and Plaintiff is not an eligible employee.  For this reason, Plaintiff's FMLA claims must fail.[7]

---

[4] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

[5] 29 U.S.C. § 2611(4)(a)(i).

[6] *Id*. § 2611(2)(B)(ii).

[7] As Comfort does not meet the definition of an employer, neither does Defendant Cable.

It could be argued, though Plaintiff does not, that Comfort is a joint employer with ISI, thus presumably placing Comfort above the 50 employee threshold.[8]  The FMLA regulations speak to this issue.  Of relevance here, the regulations state:

> A type of company that is often called a "Professional Employer Organization" (PEO) contracts with client employers to perform administrative functions such as payroll, benefits, regulatory paperwork, and updating employment policies.  The determination of whether a PEO is a joint employer also turns on the economic realities of the situation and must be based upon all the facts and circumstances.  A PEO does not enter into a joint employment relationship with the employees of its client companies when it merely performs such administrative functions.  On the other hand, if in a particular fact situation, a PEO has the right to hire, fire, assign, or direct and control the client's employees, or benefits from the work that the employees perform, such rights may lead to a determination that the PEO would be a joint employer with the client employer, depending upon all the facts and circumstances.[9]

The PEO at issue here, ISI, provides only administrative human resources functions for Comfort.  ISI has no supervisory or other practical authority of Comfort employees.  Thus, under the above-quoted regulation, ISI and Comfort have not entered into a joint employment relationship and its employees will not be considered in determining whether Comfort has 50 or more employees.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 10) is GRANTED.

---

[8] No information is provided as to how many employees ISI employs.

[9] 29 C.F.R. § 825.106(b)(2).

The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff and close this case forthwith.

DATED   January 4, 2012.

BY THE COURT:

TED STEWART
United States District Judge